NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| FERNANDO PADRON RODRIGUEZ, | ) ) ) | No. 09-17171 |
| | ) | D.C. No. 3:02-cv-00236-ECR-VPC |
| Petitioner – Appellant, | ) ) | |
| | ) | **MEMORANDUM**[*] |
| v. | ) ) | |
| CATHERINE CORTEZ MASTO; RENEE BAKER, Warden, | ) ) ) | |
| Respondents – Appellees. | ) ) ) ) | |

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., Senior District Judge, Presiding

Submitted June 12, 2012[**]
San Francisco, California

Before:    FERNANDEZ, GOULD, and BEA, Circuit Judges.

Fernando Padron Rodriguez ("Rodriguez") appeals the district court's denial

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

of his petition for a writ of habeas corpus predicated on his claim that his jury was unconstitutionally selected. See 28 U.S.C. § 2254. We affirm.

(1) Rodriguez first asserts that the writ should issue because the state courts erred in determining that the prosecutor did not exercise peremptory challenges to remove jurors on account of their race. See Batson v. Kentucky, 476 U.S. 79, 89, 106 S. Ct. 1712, 1719, 90 L. Ed. 2d 69 (1986); see also Miller-El v. Dretke, 545 U.S. 231, 237–38, 125 S. Ct. 2317, 2323–24, 162 L. Ed. 2d 196 (2005); Purkett v. Elem, 514 U.S. 765, 767, 115 S. Ct. 1769, 1770–71, 131 L. Ed. 2d 834 (1995) (per curiam). We disagree. We have carefully reviewed the transcripts and are unable to conclude that the state courts' decisions regarding those peremptories were either contrary to law as clearly established by the Supreme Court, or the result of an unreasonable application of that law, or an unreasonable determination of facts. See 28 U.S.C. § 2254(d); Ngo v. Giurbino, 651 F.3d 1112, 1114 (9th Cir. 2011). Simply put, we cannot say that the state courts' rulings were "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, __ U.S. __, __, 131 S. Ct. 770, 786–87, 178 L. Ed. 2d 624 (2011); see also Lockyer v. Andrade, 538 U.S. 63, 71–76, 123 S. Ct. 1166, 1172–75, 155 L. Ed. 2d 144 (2003).

2

(2)     Rodriguez then claims that the prosecutor improperly exercised peremptory challenges against jurors on the basis of their less than enthusiastic acceptance of the death penalty as a possible sentence.[1]  However, there are no Supreme Court cases directed to a prosecutor's use of peremptories on that basis,[2] and that dooms his claim.  The absence of clearly established Supreme Court law precludes our order of a writ of habeas corpus.  See 28 U.S.C. § 2254(d)(1); Carey v. Musladin, 549 U.S. 70, 77, 127 S. Ct. 649, 654, 166 L. Ed. 2d 482 (2006); see also Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523, 146 L. Ed. 2d 389 (2000).

AFFIRMED.

---

[1]The use of peremptory challenges was the issue presented to and exhausted in the state courts, presented to the district court, and designated in the certificate of appealability issued by this court.  We will not consider arguments regarding challenges for cause or Supreme Court holdings that address only challenges for cause.  See Uttecht v. Brown, 551 U.S. 1, 9–10, 127 S. Ct. 2218, 2224, 167 L. Ed. 2d 1014 (2007); Wainwright v. Witt, 469 U.S. 412, 424–26, 105 S. Ct. 844, 852–53, 83 L. Ed. 2d 841 (1985); Witherspoon v. Illinois, 391 U.S. 510, 521–23, 88 S. Ct. 1770, 1776–77, 20 L. Ed. 2d 776 (1968).

[2]The closest analogous cases suggest that there would be no bar to the use of peremptories for that purpose because even if that use resulted in a jury with "death qualified" jurors, a death qualified juror is not a tainted juror.  See Lockhart v. McCree, 476 U.S. 162, 173, 106 S. Ct. 1758, 1764, 90 L. Ed. 2d 137 (1986); Witherspoon, 391 U.S. at 516–18, 88 S. Ct. at 1774–75.